[No. 1,659.]

THE PEOPLE OF THE STATE OF CALIFORNIA, EX REL. J. T. THOMPSON AND J. S. DOWNES *v.* J. B. HOLLOWAY, JUDGE OF LAKE COUNTY, ET AL.

MANDAMUS—MOTION FOR NEW TRIAL.—In a suit for mandamus brought in the Supreme Court, where questions of fact are referred to a District Court, a motion for a new trial must be made in the Supreme Court.

THE relators filed a petition in the Supreme Court, in which they allege that, at an election held in accordance with an Act of the Legislature for the purpose of determining the location of the county seat of Lake County, the officers of the election in certain precincts and the Board of Canvassers were guilty of fraudulent conduct, whereby it was made to appear that Lower Lake had received a majority of votes over Lakeport, when in fact the latter town had received a majority of twenty-one votes; and that the Board of Supervisors, acting upon returns so made, had issued an order removing the county seat from Lakeport to Lower Lake. They asked the Court to set aside the order of the Board of Supervisors, to decree that Lakeport be the county seat, and to issue a writ of mandamus requiring the county business to be transacted at Lakeport. After issue joined, the questions of fact were referred to the District Court of the Seventh Judicial District, and upon trial a verdict was rendered in favor of Lakeport.

The other facts are stated in the opinion.

*Attorney General Jo Hamilton, R. McGarvey,* and *Rayle & Pendegast,* for Relators.

*J. McM. Shafter,* for Defendants.

By the Court, Rhodes, C. J.:

The issues in this cause having been referred to the District Court for Napa County for trial, and the jury in that Court having rendered a verdict, which was thereafter duly certified to this Court, the respondents moved in the District Court for a new trial, and the petitioner moved in this Court for judgment, ordering the writ of mandate to issue as prayed for in the petition.

We are of the opinion that the motion for a new trial should have been made in this Court, and not in the District Court. The petitioner is therefore entitled to judgment on the verdict. Since the verdict was rendered, the Act of March 29th, 1870, to locate the county seat for the County of Lake, was passed, by which another election was ordered to be held in that county, to determine whether the county seat should be at Lakeport, or at Lower Lake. The decision of the case is of no moment, except that thereby the liability of the parties for the costs of the action may be determined. The petitioner was entitled to judgment on the verdict, and will therefore recover his costs.

Mandate ordered; and it is further ordered that the service of the writ be stayed until the further order of this Court, and that the petitioners recover their costs.