[No. 7,554.—Department One.]
July 18, 1881.

### R. WITTENBROCK v. JOHN BELLMER ET AL., AND WILLIAM KLEINSORGE, INTERVENOR.

NEW TRIAL—PARTIES—LAW OF THE CASE—CASE OVERRULED.—Judgment was entered in this case in favor of the plaintiff and of the intervenor, but a new trial was granted, which on a former appeal (reported 57 Cal. 12) was affirmed as to the plaintiff, but reversed as to the intervenor on

the ground that the notice of motion was not addressed to or served upon him.

*Held:* In the absence of notice to all the adverse parties, the Superior Court should have denied the motion for a new trial as to all the parties. That point was not made or considered by this Court on the former appeal, and the appeal was decided upon different principles; but the ruling of the Court upon the former appeal has become the law of the case.

ID.—ID.—ID.—JUDGMENT—APPEAL.—Where a new trial has been granted as to some of the antagonistic parties, the findings are set aside which determine the rights of such parties, and as to them the case stands as if it had never been tried; but the judgment and findings, in so far as they purport to determine the rights of the moving parties, and those as to whom the new trial has been denied, continue to exist, and the judgment is appealable.

MORTGAGE—PLEDGE—MARSHALING OF SECURITIES.—B. and K., partners, mortgaged land held by them in common, and at the same time pledged certain stock (found by the Court to be partnership assets) to secure the mortgage debt. Shortly afterwards they partitioned the land between them, and K., having paid one half of the debt, obtained from the mortgagee a release of his land from the mortgage. B. and K., as partners, were adjudicated bankrupts, and the mortgagee delivered the stock to the intervenor, their assignee in bankruptcy, who claimed the right to detain the same. This action was brought by the assignee of the mortgagee to foreclose the mortgage.

*Held:* There can be no doubt that the intervenor, as assignee in bankruptcy, can have no property in the stock which is not subject to the lien of the mortgage, and that the appellants may insist that it be sold, and the proceeds applied to the mortgage note to reduce the lien on the land and the personal liability of D.

APPEAL from a judgment for the plaintiff in the Superior Court of Sacramento County. DENSON, J.

A petition for hearing in Bank was filed in this case after judgment, and denied. The facts were as stated in the opinion and in the syllabus.

*A. C. Freeman,* for Appellants.

*Creed Haymond* and *L. S. Taylor,* for Respondents.

The COURT:

As the case stands, a new trial on motion of the defendants John and Maria Bellmer has been granted as to plaintiff and denied as to the defendant or intervenor, William Kleinsorge. (*Wittenbrock* v. *Bellmer,* 57 Cal. 12.) The defendant or intervenor, William Kleinsorge, and the defendants John Bell-

mer and Maria Bellmar, occupied antagonistic positions in the action. In the absence of notice to all the adverse parties, the Superior Court should have denied the motion for a new trial as to all. That point was not made or considered by this Court at the former appeal, and the appeal was decided upon different principles. The ruling of the Court at the former appeal is the law of this case.

But the effect of the ruling upon the *judgment* of the lower Court is a matter now for the first time to be considered.

The present appeal is from the judgment of the Superior Court, and respondent moved to dismiss the appeal on the ground that there was no judgment when the appeal was taken.

A motion for a new trial is an application for a re-examination of the issues of fact. (C. C. P., § 656.) It is an application to have the verdict or decision set aside, and is not addressed to the judgment. (Id., § 657.) When the new trial is granted as to all the parties, the whole judgment falls as an incident to the vacation of the verdict or decision. Where a new trial has been granted as to some of the antagonistic parties (the cause having been tried by the Court), it is apparent that the findings are set aside which determine the rights of such parties, and as to them the case stands as if it had never been tried. The judgment, so far as it affects the rights of the moving party, and the adverse parties with respect to whom the new trial has been granted, comes to naught with the findings by which it was supported. But the judgment and findings, in so far as they purport to determine the rights of the moving party and those as to whom the new trial had been denied, continue to exist, and the judgment is appealable. The motion to dismiss should therefore be denied. The Court below found "that John Bellmer [defendant], for the purpose of securing the payment of said note [the note to secure which the mortgage was given], and as a part of said transaction, and for no other purpose, pledged to said corporation fifteen shares of stock of said corporation, by indorsement thereon and assignment thereof, which stock then and theretofore stood in the name of said John Bellmer on the books of said corporation, which said

stock was delivered to said corporation. That said stock is now worth $1,590."

The findings show that the stock thus pledged to the Germania Building and Loan Association, the corporation referred to, was never specially assigned to plaintiff. The stock was delivered by the corporation to defendant, William Kleinsorge, who claims the right to detain the same as assignee in bankruptcy of John Bellmer and Charles Kleinsorge, bankrupts, as part of the partnership assets of said John and Charles.

The note and mortgage were executed by John Bellmer and Charles Kleinsorge, and it clearly appears in the findings that the stock was pledged by both "as part of the same transaction." The transaction occurred February 18, 1875, and John Bellmer and Charles Kleinsorge were not adjudicated bankrupts until February 27, 1878. There is no suggestion that the pledging of the stock was fraudulent, or that the pledgors were indebted at the time of the contract between the corporation and themselves.

There can be no doubt that William Kleinsorge, as assignee in bankruptcy, can have no property in the stock which is not subject to the lien of plaintiff as assignee of the promissory note, and that the appellants may insist that it be sold and the proceeds applied to the mortgage note, to reduce the lien on the land and the personal liability of John Bellmer.

Motion to dismiss denied, and judgment reversed and cause remanded for a new trial.