Argument for Relator.

(September 16, 1891.)

## PEOPLE ex rel. LINCOLN COUNTY v. GEORGE.

[27 Pac. 680.]

ORIGINAL JURISDICTION OF SUPREME COURT—NEW TRIAL NOT PROPER PROCEEDING.—Motion for new trial is not a proper proceeding in the supreme court to obtain a rehearing on an issue of law when said court is proceeding under its original jurisdiction.

(Syllabus by the court.)

William Ware Peck and Texas Angel, for Relator.

On the twelfth day of June the plaintiff and relator filed a notice of motion to vacate and set aside the decision of the court so rendered in the case, and to grant a new trial therein, with which motion, and as accompanying the same, was due proof of service upon the defendant and his attorneys in the case. The notice specifies the following as the grounds and basis of the motion: 1. Insufficiency of the evidence to justify the decision; 2. The said decision is against the law; 3. Errors in law occurring at the trial and excepted to by the plaintiff. Professor Cooley, at page 192 of his work on Constitutional Limitations, says thus: "The power to declare a legislative enactment void is one which the judge, conscious of the fallibility of human judgment, will shrink from exercising in any case, where he can conscientiously and with due regard to duty and official oath decline the responsibility." Where a statute is susceptible of two constructions, one saving and the other discarding it, the former will be preferred. (*Pennsylvania R. Co. v. Riblet,* 66 Pa. St. 164, 5 Am. Rep. 360; *Mayor etc. of Baltimore v. State,* 15 Md. 376, 74 Am. Dec. 572, and note; *Slack v. Jacob,* 8 W. Va. 612; *Winch v. Tobin,* 107 Ill. 212; *Wulff v. Aldrich,* 124 Ill. 592, 16 N. E. 886; *Sharpless v. Mayor etc.,* 21 Pa. St. 164, 59 Am. Dec. 759, and note; *Hess v. Pegg,* 7 Nev. 30; *Montclair v. Ramsdell,* 107 U. S. 147, 2 Sup. Ct. Rep. 391; *Morrison v. Springer,* 15 Iowa, 304; *Stewart v. Supervisors,* 30 Iowa, 9, 1 Am. Rep. 241; *Ramsey v. People,* 19 N. Y. 56; *Ex parte McCallum,* 1 Cow. 550; *Bank v. Chester Co.,* 11 Fed. 240; *People v. Hayne,* 83 Cal. 111, 17 Am. St. Rep. 217, 23 Pac. 1; *Clark v. Irwin,* 5 Nev. 125; *Tyler v. People,*

8 Mich. 320; *People v. Mahoney,* 13 Mich. 482; *People v. Draper,* 15 N. Y. 545; *Bridges v. Shallcross,* 6 W. Va. 562; *Ogden v. Sanders,* 12 Wheat. 213; *Meyers v. Berlandi,* 3 Minn. 438; *People v. Ferry,* 108 N. Y. 1; 1 Kent's Commentaries, 1st ed., 462, 463; Cooley's Constitutional Limitations, 88, 192, 222, 230; Sedgwick's Statutory and Constitutional Law, 409.)

Arthur Brown, S. B. Kingsbury, and Richard Z. Johnson, for Defendant.

That the plaintiff and relator "intends to move the court to vacate and set aside the decision of the court rendered in that above-entitled cause, and to grant a new trial therein, upon the following grounds." Then follows specifications and assignments of error, as if this proceeding had been a trial of an issue of fact. One branch of the notice is devoted to specifications, in which it is said the "evidence is insufficient to justify the decision." Another is devoted to specifications in which "the decision is against the law," A third is devoted to specifications in which it is claimed there are "errors of law occuring at the trial." This remarkable document must have been prepared in the absence of "senior counsel." It certainly has no name or place in any branch of the law. There can be no motion for a new trial when there has been no trial had. There can be no decision which the evidence is insufficient to justify when there has been no evidence produced. Evidence was not taken in this case. It was not needed. There can be no error of law occurring at the trial when there was no trial. It is an answer to this proceeding or application, or whatever it is, that it is based on an imaginary trial which never was had. This document served upon us nowhere states any reason, or intimates any, why the decision should be re-examined, or the cause reargued. The basis upon which rehearings are allowed is laid down by the supreme court of the United States in the case of *Brown v. Aspden,* 14 How. 25. "But the rule of the court is this, that no reargument will be heard in any case after judgment is entered, unless some member of the court who concurred in the judgment afterward doubts the correctness of his opinion, and desires a further argument on the subject; and when that happens the court will of its own accord apprise

the counsel of its wishes, and designate the points on which it desires to hear them." "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court or by referees." (Rev. Stats., 4438.) "This has been the statutory definition ever since 1851. It consists of several elements. The first element is that a new trial is a re-examination of *an issue of fact.* It is not a re-examination of a conclusion of law." (Hayne on New Trial and Appeal, sec. 1.) Provisions for rehearing are not applicable to original proceedings. here. "Unless authorized by statute, the power exists only with reference to decisions on appeal, and does not extend to decisions upon applications for such writs as the supreme court has original jurisdiction to issue." (2 Hayne on New Trial and Appeal, sec. 292; *People v. Coon,* 25 Cal. 653.)

MORGAN, J.—A petition for writ of mandate was heretofore filed in this court by the relator against the defendant. Very able and lengthy arguments were heard at the April term, at Lewiston. The court having, by agreement of counsel, taken the cause under advisement, decided the same at Boise City, on May 6, 1891. Opinions, not then being fully prepared, were afterward filed on the third day of June, 1891 (*People v. George,* ante, p. 72, 26 Pac. 983), and this motion for new trial was placed on file June 12th. Counsel for defendant now move to strike said motion from the files, and said cause from the calendar. In the argument for the plaintiff we have been referred to section 3862, subdivision 8, of the Revised Statutes, which is as follows: "Every court has power to amend and control its process and orders, so as to make them conformable to law and justice." No one appears to dispute it, not even this court, but the line of argument, which would make this a pertinent authority in support of this motion for new trial, does not commend itself to the court. The terms "process" and "orders" have a well-defined meaning in law, and differ very materially from final judgments. The same may be said with reference to section 4368, also cited by plaintiff, which is: "An issue of law must be tried by the court, unless referred by consent." The method of trying an issue of law is by hearing the argu-

ment and examining authorities cited. That the word "tried" was used, in our opinion, has no special significance, and simply means, heard and determined. In the decision upon petition for rehearing which was rendered by the court in the case of *People v. Coon,* 25 Cal. 653, Mr. Justice Currey seems to have been quite careful as to the language he used. He says: "Our judgment in the case was that of a court of original jurisdiction, and, for the correction of any error which we may commit in such cases, the party aggrieved must pursue the course prescribed by the Practice Act in like cases, arising in the district courts, so far as may be." It is unnecessary to refer to the particular provisions of the act, specifying the course to be pursued in order to obtain a re-examination of a case by the same court of original jurisdiction, after one decision made therein; the course prescribed by the statute has not been followed, etc. If the learned judge does not mean that the party deeming himself aggrieved by the decision of the supreme court in a case where said court is exercising its original jurisdiction, may move for a new trial in that court, then it is difficult to understand what he does mean. The language used is almost identical with that used in our statute and in that of California in the definition of a "new trial." The statute is: "A new trial is a re-examination of an issue of fact in the same court after a trial and decision." In the decision the court says: "It is unnecessary to refer to the provisions of the act, specifying the course to be pursued in order to obtain a re-examination of a case by the same court." This suggestion seems never to have been followed in any instance by the supreme court of California. In the case of *People v. Holloway,* 41 Cal. 409, the issues of fact were sent to the district court for trial, motion for new trial was made in the district court and the supreme court say that the motion should be made in the supreme court. A lasting peace was given to that decision and to the whole matter, by the legislature of California in section 1092 of the Code of California, and in our statute by section 4984, which is as follows: "The motion for a new trial must be made in the court where the issue of fact is tried." Our statute does not contemplate or prescribe any method for obtaining a new trial, except for the re-examination of an issue of fact in the same

court. The statute says: "A new trial is a re-examination of an issue of fact, in the same court, after a trial and decision by a jury or court or by referees." (Idaho Rev. Stats., sec. 4438.) Section 656 of the Code of Civil Procedure of California is the same. (See, also, *Knight v. Roche,* 56 Cal. 17; *Benjamin v. Stewart,* 61 Cal. 607.) A motion for a new trial is an application for a re-examination of the issues of fact. (*Wittenbrock v. Bellmer,* 62 Cal. 560.) No new trial can be had, unless there is to be a re-examination of an issue of fact. (*Knight v. Roche,* 56 Cal. 17; *Benjamin v. Stewart, supra; Wittenbrock v. Bellmer, supra.*) The matter of new trial is wholly statutory. (*Benjamin v. Stewart,* 61 Cal. 608.) When there are findings of fact in a trial before the court, which are not set aside—not complained of—there is no new trial as to them. (*Wittenbrock v. Bellmer, supra.*) A petition for a *mandamus* was filed in this court. To that a demurrer was filed. This admitted all the facts properly pleaded. Therefore there was no issue of fact. If no issue of fact, there can be no new trial. There is no method of obtaining a rehearing on an issue of law, once determined by the district court, pointed out in our statute, except by appeal. This does not apply to the supreme court. The supreme court does point out, by its rules, a method for obtaining a rehearing therein. Whether that rule applies to cases of original jurisdiction we are not now called upon to decide. The motion of defendant is allowed. Costs awarded to defendant.

Huston, J., concurs.