(December 26, 1892.)

## HAMPTON v. DILLEY.

[31 Pac. 807.]

TITLE TO OFFICE OF PROBATE JUDGE—LEGISLATIVE ACT CHANGING LOGAN COUNTY TO LINCOLN COUNTY.—1. H. was duly elected judge of the probate court of Logan county at the regular election held in 1890. The legislature, on March 3, 1891, and after H. had taken office under his said election, passed an act changing Logan county to Lincoln county. H. was appointed by the governor, under the provisions of the act of March 3, 1891, probate judge of Lincoln county. D., the defendant, and who was at the time clerk of the probate court of Logan county under H., was appointed by the commissioners of Logan county probate judge of said Logan county, said board refusing to recognize the act of March 3, 1891, as law.

ACT CREATING LINCOLN COUNTY UNCONSTITUTIONAL.—2. The supreme court of the state declared the act of March 3, 1891, unconstitutional; thereupon H. demanded possession of said office of D. D. refused to deliver possession of the office to H., and H. brings this action to recover possession of the office. *Held*, H. was entitled to recover said office.

(Syllabus by the court.)

APPEAL from District Court, Logan County.

H. S. Hampton and V. Bierbower, for Appellant.

There cannot be a *de facto* officer where no *de jure* office ex-- ists to be filled. (*In re Hinkle,* 31 Kan. 712, 3 Pac. 531.) Unconstitutional enactments are inoperative. (Cooley's Con-- stitutional Law, 144; Cooley's Constitutional Limitations, 224; *State v. Tufly,* 20 Nev. 427, 19 Am. St. Rep. 374, 22 Pac. 1054.) A vacancy in office can only occur upon the happen- ing of one of the things mentioned in the statute. (*People v. Whitman,* 10 Cal. 38; *State v. Wilson,* 30 Kan. 661, 2 Pac. 828; *Rosborough v. Boardman,* 67 Cal. 116, 7 Pac. 261; *Gor-- man v. Commissioners,* 1 Idaho, 553.)

S. B. Kingsbury, for Respondent.

A resignation may not only take place by abandonment of official duties, but also by being appointed to and accepting a new office, incompatible with the former one. (Angell &. Ames on Corporations, secs. 433, 434.) Where office is vacated voluntarily, no judicial determination is necessary. (*State v. McClinton,* 5 Nev. 329; *People v. Board of Metropolitan Police,* 26 N. Y. 481; *Calloway v. Sturm,* 1 Heisk. 764.) Plaintiff must be "a person now rightfully entitled to the of-- fice." He must stand on the strength of his own rights. If he has been guilty of acts that would vacate or forfeit the of- fice, he cannot recover, even if no court or board has passed on the question. (High on Extraordinary Remedies, sec. 652.) The right of plaintiff to the office is tried in this action; and if, by judicial proceedings, plaintiff might have at any prior time been ousted, or the office declared vacant, the failure of anyone to take those steps does not give plaintiff a right to an office he has voluntarily abandoned. (*State v. Wilson,* 30 Kan. 661, 2 Pac. 828.) The act of plaintiff in accepting the appointment of probate judge of Lincoln county is an estoppel on him to claim a right to be installed into this office, or to have the fees of the office earned by the appointee. (Bigelow on Estoppel, 2d ed., 503, 508-510, 515, 516; *People v. Hart- well,* 67 Cal. 11, 6 Pac. 873; High on Extraordinary Rem- edies, secs. 631, 658, 668, 686, 687, 746; *People v. Waite,* 70

Ill. 25; *Gunter v. Laffan,* 7 Cal. 588; *Dorsey v. Ashley* 72 Ga. 460.)

HUSTON, J.—At the regular biennial election of 1890 the plaintiff was elected to the office of probate judge for Logan county for the two years next following the first day of January, 1891. He regularly qualified as such on the thirteenth day of January, 1891, and entered upon the discharge of his duties as such officer. On the third day of March, 1891, the legislature of Idaho passed an act, by the terms of which they created the counties of Alta and Lincoln out of the territory theretofore comprising the counties of Alturas and Logan. At the time of the passage of the act referred to, Bellevue was the county seat of Logan county. By the provisions of said act the town of Shoshone was made the county seat of Lincoln county, and the town of Bellevue was included within the boundaries of the county of Alta. Immediately following the passage of the said act organizing said counties of Alta and Lincoln, the governor of the state, in accordance with the provision of said act, appointed various persons to fill the several offices of said counties of Alta and Lincoln, so as aforesaid organized by and under said act of March 3, 1891, and among others appointed the plaintiff probate judge of said Lincoln county. Plaintiff accepted said appointment, and at once qualified as such officer. The board of commissioners of Logan county, refusing to recognize the validity of the act of March 3, 1891, immediately on the acceptance by the plaintiff of the appointment of judge of probate court of Lincoln county, and his qualification as such officer, and on the —— day of March, 1891, appointed the defendant probate judge of Logan county, and installed him in said office. Proceedings were instituted to test the validity of said act of March 3, 1891, which resulted in the declaring of the same unconstitutional by the supreme court of the state. (*People v. George,* ante, pp. 72, 108, 26 Pac. 983, 27 Pac. 680.) Upon the announcement of such decision, plaintiff made demand of the defendant for the possession of said office of probate judge of Logan county, which was refused by defendant; and he continued to hold, and still does hold, said office, and performs the duties and functions thereof. Plaintiff brought action in the district court under the provisions of

chapter 6 of the General Laws of Idaho of 1880-81. A trial was had in the district court for Logan county before the court with a jury, and verdict was rendered in favor of the defendant. From the judgment entered thereon the plaintiff appeals to this court.

The case comes to us upon a bill of exceptions presenting quite a number of exceptions to evidence, findings and instructions; but, having carefully examined the record, we conclude that, for all the purposes of this decision, the questions may all be resolved into one: Did the plaintiff, by accepting from the governor of the state the appointment of probate judge of Lincoln county, thereby abandon, forfeit or resign the office of probate judge of Logan county? Or, to state it differently, did the acts of the plaintiff create a vacancy in the office of probate judge of Logan county on the —— day of March, 1891, the date of defendant's appointment and investiture? Abandonment is largely a question of intention, and it is clear, from all that is presented by the record, that it was never the intention of plaintiff to quit or give up the office of probate judge of Logan county.

It is claimed by the respondent that the appellant neglected to perform the duties of the office to which he was elected during a period of three months prior to his bringing this action, and therefore that the office became vacant, by operation of the statute, but the record shows that within the period required by the constitution the appellant duly qualified and entered upon the performance of the duties of his office. It is also conceded in the argument that, soon after he so entered upon his duties, he appointed the defendant in this action clerk of said court, and placed the records thereof in his care and keeping, and from that day until the present time the said defendant has, by force, and against the will of this plaintiff, kept possession of said records and said office, although possession thereof was repeatedly demanded; and now, having wrongfully and unlawfully seized said office, and wrongfully kept possession thereof, he (the defendant) alleges that plaintiff has neglected to perform his duties therein, and that, therefore, said office was vacated by plaintiff, thereby seeking to take advantage of his own wrong. The court that would sustain

the defendant in such a claim could scarcely be called a court of justice.

But it is contended by counsel for respondent that plaintiff, by accepting the appointment of probate judge of Lincoln county, forfeited the office of probate judge of Logan county. In support of this contention, we are cited to numerous authorities which seem to establish the rule that the acceptance, by the incumbent of an office, of another office or position, incompatible with that already held, amounts to an abandonment or forfeiture of the first. This rule seems to have the sanction of authority and principle. But does the case of the plaintiff fall within the rule? He was regularly elected to the office of probate judge of Logan county, qualified and entered upon his duties as such. His office was abolished by the act of the legislature creating Lincoln county. The act of the legislature was the law until it was pronounced void by the proper tribunal. To hold otherwise would be to abrogate the first duty of the citizen—obedience to the law. To hold otherwise would be to encourage every person to whom a law is distasteful or burdensome to disobey or set it at naught. While we recognize, with becoming deference, the high authority cited by counsel, which says that, "when a statute is adjudged to be unconstitutional, it is as if it had never been" (Cooley's Constitutional Limitations, 222), we are unwilling to assent to the sweeping application claimed therefor by counsel for the respondent. If any and every person "invested with a little brief authority" is permitted to defy the law, "village Hampdens" will be as thick as autumnal leaves in Vallombrosa.

We have been unable to find a case parallel with that under consideration. A law had been passed by the legislature with all the required constitutional formalities, and, as said by Judge Breese in *People v. Salomon,* 54 Ill. 46, it "became, by its own intrinsic force, the law to every public officer in the state, and to all the people." Again, in the same case, the same learned judge uses this language, "To the law every man owes homage—the very least, as needing its care; the greatest, as not exempted from its power. To allow a ministerial officer to decide upon the validity of a law would be subversive of the great objects and purposes of government; for, if one

such officer may assume infallibility, all other like officers may do the same, and thus an end be put to civil government, one of whose cardinal principles is subjection to the laws."

The plaintiff was acting entirely in an individual capacity when he accepted the appointment of probate judge of Lincoln county. The positions of the plaintiff and the defendant were entirely different. The plaintiff accepted the law as it came to him, clothed in all the insignia of legality. The defendant assumed to question the constitutionality of the law, refused obedience to it, and accepted an appointment to an office which, as the law then stood, had no existence. Say the supreme court of Texas in *Sessums v. Botts,* 34 Tex. 335: "It is believed that any citizen of the state, whose interests are affected by an act which he believes unconstitutional, may, by pursuing a legal course, test the constitutionality of a law, or, if he chooses, may wholly disregard that act as law; but in that case he acts at his peril, and, should the act of which he complains be decided to be law, then he must suffer the consequences of a bad judgment or a perverted will. It is, therefore, deemed advisable for every good citizen to obey whatever may be promulgated by the law-making power as law until the same shall have been passed upon by the courts of the country in a legitimate and proper manner. If this, then, is the duty of the citizen, and he obeys or submits to whatever has received the legislative sanction as law, then he should be protected in that obedience, or at least he should not be deemed guilty of laches, and his rights sacrificed to those who are ready to usurp the province of the judiciary, and declare for themselves what is and what is not law." In the same case the court, in commenting upon the passage from Cooley's Constitutional Limitations, above cited, say: "We are not willing to construe the quotation from Cooley's Constitutional Limitations, in the same light as the learned counsel for the plaintiff in error appears to have done. It is true that, when an act has been declared unconstitutional, then it is as though it had never been; but we do not think that the author, in the text, or the cases cited by him, intended to announce the doctrine that an unconstitutional law could be no protection to officers or citizens before the same had been passed upon and judged invalid."

With the views of the supreme court of Texas we are in full accord, and we think the doctrine therein enunciated peculiarly applicable to the case at bar.   There could be no incompatibility between the offices of probate judge of Lincoln county and that of probate judge of Logan county, for the existence of one precluded the existence of the other.   The plaintiff is not seeking to derive any benefit under, nor does he predicate any claim upon, the act of March 3, 1891.   Hence his case is not within the rule which says no one can derive any advantage or claim any rights under or by virtue of any law which has been declared unconstitutional.   He was elected to the office of probate judge of Logan county by the people of said county.   A law was passed changing Logan to Lincoln county. He accepted an appointment to the same office in Lincoln county.   It seems to us it would not only be manifestly unjust to the plaintiff, but it would be recognizing a pernicious doctrine, were we to hold that the plaintiff should be punished; for, in depriving him of the office to which the people have elected him, we do punish him, simply because he respected and obeyed the law while it was the law.   Notwithstanding the high authority to the contrary, we are constrained to believe that the better rule is that all should obey the law, as it comes from the law-making power, until the proper tribunal has passed upon it.   Obedience to the law, as it appears, when clothed with all the evidences of authority, ought not to subject the obeying citizen to loss or punishment.   Recognition of the law, and obedience thereto, is not the prevailing virtue of this age or country.   The disposition to construe the law for themselves, to pass upon its constitutionality, and to defy and disobey it whenever it seems to impinge upon their notions or whims, or especially their so-called religious views, is a sentiment which does not need the spur of judicial encouragement in this country.

Numerous exceptions were taken by the appellant to the instructions to the jury given by the court, and to those refused to be given; but as these questions cannot again arise, under the conclusion we have reached, it is unnecessary to pass upon them.

It is the judgment of this court that the plaintiff and appellant, H. S. Hampton, was duly elected probate judge of Logan county, Idaho, at the general election held on October 1, 1890; that he duly qualified as such officer, and entered upon the duties of said office; that he has never abandoned, forfeited or resigned said office; that he is entitled to the possession of said office, and to the emoluments thereof, for the two years next succeeding January 13, 1891; and that he forthwith have restitution of said office. And it is further ordered that the district court for Logan county proceed to assess the damages suffered by said Hampton by reason of his deprivation of said office by defendant, according to law.

Sullivan, C. J., and Morgan, J., concur.