(June 25, 1918.)

JAMES O. TUCKER, Respondent, v. HYPOTHEEK MINING AND MILLING COMPANY, a Corporation, Appellant.

[173 Pac. 749.]

APPEAL AND ERROR—NONSUIT—NEW TRIAL.

1. Secs. 4438 and 4439, Rev. Codes, which define a new trial and enumerate the grounds therefor, authorize the granting of such relief only in case a former hearing has proceeded to a verdict or a decision of an issue, or issues, of fact by a court or referee.

2. A motion for nonsuit presents only a question of law and, if it is granted and a judgment of dismissal is entered, it is error to grant a new trial.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action to recover damages for personal injuries. Judgment of nonsuit and dismissal. From an order granting a new trial, defendant appeals. *Reversed.*

James A. Wayne, for Appellant.

The court has no jurisdiction to grant a new trial in a case of this character.

The action having been dismissed on a motion for a nonsuit, a motion for a new trial was improper. (*People v. George.* 3 Ida. 108, 27 Pac. 680; *Harper v. Hildreth,* 99 Cal. 265, 33 Pac. 1103; *Noble v. Harter,* 6 Kan. App. 823, 49 Pac. 794; *Foley v. Foley,* 120 Cal. 33, 65 Am. St. 147, 52 Pac. 122.)

Charles L. Heitman, for Respondent.

The motion was based upon an error in law occurring at the trial, that being one of the statutory grounds upon which a motion for a new trial can be made. (Sec. 4439, Rev. Codes.) It is well settled that where a nonsuit has been granted, plaintiff can apply for a new trial. (Hayne on New Trial and Appeal, sec. 112 (Rev. ed.); *Nobach v. Scott,* 20 Ida. 558, 119 Pac. 295.)

The ruling on motion for nonsuit may be reviewed either on motion for a new trial or on appeal from the judgment. (*Levy v. Getleson,* 27 Cal. 685; *O'Connor v. Hooper,* 102 Cal. 528, 36 Pac. 939; *Craig v. Hesperia Land etc. Co.,* 107 Cal. 675, 40 Pac. 1057; *Donahue v. Gallavan,* 43 Cal. 573.)

A motion for a nonsuit admits the truth of the plaintiff's evidence and every inference of fact which can be properly drawn therefrom, and has the same effect in presenting a pure question of law as would a general demurrer to a complaint alleging only the same facts. (*Warner v. Darrow,* 91 Cal. 309, 310, 27 Pac. 737; *Later v. Haywood,* 12 Ida. 78, 85 Pac. 494.)

The granting of a motion for a new trial is within the legal discretion of the court, and the appellate court will not interfere unless there be a clear abuse of such discretion. (*Jones v. Campbell,* 11 Ida. 752, 84 Pac. 510.)

MORGAN, J.—This is an appeal from an order setting aside a judgment of nonsuit and dismissal and granting a new trial.

The right to a new trial is statutory. It is defined by sec. 4438, Rev. Codes, to be "a re-examination of an issue of fact in the same court after a trial and decision by a jury or court or by referees." Sec. 4439 provides: "The former verdict

or other decision may be vacated and a new trial granted on the application of the party aggrieved, for any of the following causes'': Then follows an enumeration of the grounds upon which application for such relief may be made.

These sections authorize the granting of a new trial only in case a former hearing has proceeded to a verdict, or its equivalent; a decision of an issue, or issues, of fact by a court or referee. (*People v. George*, 3 Ida. 108, 27 Pac. 680; *Caldwell v. Wells*, 16 Ida. 459, 101 Pac. 812; *Wagner v. Atchison, T. & S. F. Ry. Co.*, 73 Kan. 283, 85 Pac. 299; *Chivers v. Johnston County Commrs.* (Okl.), 161 Pac. 822, L. R. A. 1917B, 1296; *Cowart v. Parker-Washington Co.*, 40 Okl. 56, 136 Pac. 153; *Abbey Land & Improv. Co. v. San Mateo County*, 167 Cal. 434, Ann. Cas. 1915C, 804, 139 Pac. 1068, 52 L. R. A., N. S., 408; *Gregory v. Gregory*, 102 Cal. 50, 36 Pac. 364; *Harper v. Hildreth*, 99 Cal. 265, 33 Pac. 1103; *Foley v. Foley*, 120 Cal. 33, 65 Am. St. 147, 52 Pac. 122.)

Appellant's motion for nonsuit admitted the truth of every material fact which the evidence introduced by respondent tended to prove, and presented only a question of law for determination. (*Southern Idaho Conference Assn. etc. Adventists v. Hartford Fire Ins. Co.*, 26 Ida. 712, 145 Pac. 502, and cases therein cited; *Warner v. Darrow*, 91 Cal. 309, 27 Pac. 737.) There has been no trial of an issue of fact and, therefore, the court had no power to entertain or grant a motion for a new trial.

The order appealed from is reversed. Costs are awarded to appellant.

Budge, C. J., and Rice, J., concur.