### ABBOTT v. TIGNOR et al.

No. 15042—Opinion Filed Sept. 23, 1924.

Error from District Court, Bryan County; Porter Newman, Judge.

Action between Chas. P. Abbott and G. W. Tignor and others. From the judgment, the former brings error. Reversed and remanded.

Walter J. Turnbull and Chas. P. Abbott, for plaintiff in error.

McPherren & Hanna, for defendants in error.

PER CURIAM. Upon authority of Ellis v. Outler, 25 Okla. 469, 106 Pac. 957, this cause is reversed and remanded for new trial for failure of defendants in error to file briefs as provided in rule 7 of this court.

---

### CARPENTERS' LOCAL UNION NO. 1028 et al. v. STARK.

No. 15188—Opinion Filed Sept. 23, 1924.

Error from District Court, Carter County; Asa E. Walden, Judge.

Proceedings between Carpenters' Local Union No. 1028 of Ardmore et al. and Frank B. Stark. From the judgment, the former brings error. Reversed and remanded.

Champion, Champion & George (G. E. Warren, of counsel), for plaintiffs in error.

W. H. Robinson, for defendant in error.

PER CURIAM. Upon authority of Ellis v. Outler, 28 Okla. 469, 106 Pac. 957, the cause is reversed and remanded for new trial for failure of defendant in error to file brief as provided in rule 7 of this court.

---

### VANN et al. v. BOARD OF ED., TOWN OF LENAPAH.

No. 14923—Opinion Filed Sept. 23, 1924.

Error from District Court, Nowata County: C. H. Baskin, Judge.

Action between Vann et al. and Board of Education of the Town of Lenapah. From judgment in favor of the latter, the former bring error. Dismissed.

W. H. Vann, for plaintiffs in error.

Glass & Calvert, for defendant in error.

PER CURIAM. Judgment was rendered in this cause August 31, 1923. Plaintiff's motion for new trial was not filed until October 12, 1923, and after the term at which the judgment was rendered. Five grounds were stated in the motion. The first ground alleged is irregularity in the proceedings of the court by which plaintiffs were prevented from having a fair trial. The district court may vacate or modify its judgments or orders, after the terms at which such judgment or order was made, for irregularity in the proceedings as provided in subdivision 3 of section 810, Comp. Stats. 1921. However, the record in the instant case fails to point out the irregularity if any was committed. The 2d, 3rd, and 5th grounds assigned are errors of law occurring at the trial, which must be presented within the three-day period. The 4th and remaining ground presented is newly discovered evidence. Section 576, Comp. Stat. 1921, provides the procedure applicable where a new trial is sought on this ground after the term at which the decision was rendered. None of the requirements provided in this section were complied with or waived. A substantial compliance with these provisions was necessary. Dougal v. White, 89 Okla. 107, 213 Okla. 868; Anderson v. Lynch, 98 Okla. 137, 221 Pac. 415.

The record presents nothing that can be reviewed, except errors of law occurring at the trial, and no motion for a new trial being filed within 3 days, the appeal is dismissed.