(No. 4794. September 29, 1927.)

A. B. CARSCALLEN and E. J. CARSCALLEN, Partners
Under the Firm Name of CARSCALLEN BROS.,
Appellants, v. LAKESIDE HIGHWAY DISTRICT,
a Corporation, Respondent.

[260 Pac. 162.]

BAILMENT—NEW TRIAL—NONSUIT — EVIDENCE — QUESTION OF NEGLI-
GENCE—BURDEN OF PROOF ON BAILOR—INSUFFICIENCY OF EVIDENCE.

1. Motion for nonsuit presents only question of law, and,
being granted and judgment of dismissal entered, new trial may
not be granted.

2. Bailment to highway district of pile-driver which, before
its return, was burned, held established by the evidence.

3. Though ordinarily where property is injured while in
bailee's possession there is a presumption of negligence, casting
burden on bailee of showing injury was due to other causes
consistent with due care on its part, this is not so where injury
was caused by fire or other extraordinary intervention, in which
case bailor has burden of proving lack of ordinary care or
violation of some specific duty by bailee resulting in the proxi-
mate cause of the damage.

4. Evidence in action for burning of pile-driver while in
bailee's possession held insufficient to go to jury on question of
fire being caused by bailee's negligence; there being no evidence
of manner of its starting.

APPEAL from the District Court of the Eighth Judicial
District, for Kootenai County. Hon. W. F. McNaughton,
Judge.

Action for damages. Judgment for defendant. *Affirmed.*

**Publisher's Note.**

3. Presumption and burden of proof as to care or negligence of
bailee, see notes in 1 Ann. Cas. 23; 21 Ann. Cas. 842; 43 L. R. A.,
N. S., 1168. See, also, 3 R. C. L., Bailments, secs. 74, 75.

See Bailments, 6 C. J., sec. 160, p. 1158, n. 88, p. 1160, n. 98;
sec. 166, p. 1162, n. 32, 33; sec. 167, p. 1163, n. 38.

New Trial, 29 Cyc., p. 728, n. 66 New.

Lynn W. Culp, for Appellants.

Proof of bailment and loss or injury makes out a *prima facie* case.

"While the authorities are in conflict, the greater weight thereof and the better reasoning place the duty upon the bailee to satisfactorily explain the nondelivery of the thing bailed, or its delivery in an injured condition, such as only culpable carelessness would probably have caused." (*Nutt v. Davison,* 54 Colo. 586, 131 Pac. 390, 44 L. R. A., N. S., 1170.)

"The general rule is in cases where the evidence shows that the property was delivered to the bailee in good condition and returned damaged, or not at all, the presumption of negligence on the part of the bailee instantly arises, making a *prima facie* case in favor of the bailor, and thereupon the bailee is under the necessity, if he would escape liability, of showing that the damages or loss was not due to his negligence. This may be done *inter alia,* by showing that he exercised a degree of care, under all the facts and circumstances, sufficient to overcome the presumption of negligence." (*Nutt v. Davison, supra; Pregent v. Mills,* 51 Wash. 187, 98 Pac. 328; *Filson v. Pacific Express Co.,* 84 Kan. 614, 114 Pac. 863.)

"It is for the court to determine the degree of negligence and care in the relation of bailor and bailee; but it is for the jury to determine, under proper instructions, whether the bailee has exercised due care." (5 Cyc. 202; *Bates v. Capital State Bank,* 18 Ida. 429, 110 Pac. 277; *Smith v. Bouker,* 49 Fed. 954, 1 C. C. A. 481; *McGill v. Monette,* 37 Ala. 49; *Rimmer v. Wilson,* 42 Colo. 180, 93 Pac. 1110; *Wisecarver v. Long & Camp,* 120 Iowa, 59, 94 N. W. 467; *Hofer v. Hodge,* 52 Mich. 372, 50 Am. Rep. 256, 18 N. W. 112.)

James F. Ailshie and E. H. Hillman, for Respondent.

Delivery, acceptance, possession and sole custody are essential elements of a bailment. (*Riggs v. Bank of Camas*

*Prairie,* 34 Ida. 176, 18 A. L. R. 83, 200 Pac. 118; 6 C. J. 1084, 1103, 1104; 3 R. C. L. 72.)

An express contract to return bailed property does not render the bailee an insurer. (*Seevers v. Gabel,* 94 Iowa, 75, 58 Am. St. 381, 62 N. W. 669; *Jaminet v. American Storage & Moving Co.,* 109 Mo. App. 257, 84 S. W. 128; *Young v. Leary,* 135 N. Y. 569, 32 N. E. 607; *Standard Brewery v. Bemis & Curtis Malting Co.,* 171 Ill. 602, 49 N. E. 507.)

Proof of loss or injury of bailed property does not establish a *prima facie* case of negligence when some inevitable accident is set forth in the complaint as the cause of the loss. (*Stone v. Case,* 34 Okl. 5, 124 Pac. 960, 43 L. R. A., N. S., 1168; *Wilson v. Southern Pac. R. R. Co.,* 62 Cal. 164; *Perera v. Panama-Pacific International E. Co.,* 179 Cal. 63, 175 Pac. 454; *Stewart v. Stone,* 127 N. Y. 500, 28 N. E. 595, 14 L. R. A. 215; *Belt R. & Stockyards Co. v. McClain,* 58 Ind. App. 171, 106 N. E. 742; *Levi v. Missouri, K. & T. R. R. Co.,* 157 Mo. App. 536, 138 S. W. 699; *Scott v. Columbia Compress Co.,* 157 Ark. 521, 249 S. W. 13; 6 C. J. 1158, 1159; 3 R. C. L. 151.)

A bailee is only required to exercise ordinary diligence and care. (*Wilson v. Southern Pac. R. R. Co., supra; Perera v. Panama-Pacific International E. Co., supra; Colburn v. Washington State Art Assn.,* 80 Wash. 662, 141 Pac. 1153, L. R. A. 1915A, 594; *Stone v. Case, supra.*)

Surmise or conjecture will not support a verdict. (*Perera v. Panama-Pacific International E. Co., supra.*)

T. BAILEY LEE, J.—This is an action for damages. Appellants plead that on or about June 15, 1925, they, being the owners of a certain barge, derrick, pile-driver and equipment of the value of $7,475, hired and bailed the same at an agreed rental to the defendant highway district, the defendant agreeing as part of the consideration to return the property so bailed in as good condition, ordinary wear and tear excepted, as the same was in when delivered; that defendant "did not exercise reasonable diligence to protect

and safeguard'' said property while in its possession, and ''was guilty of such negligence in dealing with said property while in its possession and control . . . . as to cause'' it to be ''greatly damaged and almost wholly destroyed by fire'' to plaintiffs' damage in the sum of $3,985.77. At the close of plaintiffs' case defendant moved for nonsuit urging that plaintiffs had failed to prove a bailment or any act or omission of defendant which would constitute negligence. The motion was sustained and judgment of dismissal entered. A subsequent motion for new trial was denied; and an appeal was taken from both the judgment and the order overruling said motion.

[1] It may be observed at the outset that the court properly overruled appellants' motion for new trial. A motion for nonsuit presents only a question of law; and, if it is granted and a judgment of dismissal is entered, it is error to grant a new trial. (*Tucker v. Hypotheek Min. & Mill. Co.,* 31 Ida. 466, 173 Pac. 749.)

[2] Appellants primarily attack the court's action in sustaining respondent's motion for nonsuit, insisting that there was evidence of both a bailment and negligence. We think the testimony clearly established a bailment. While it is true that plaintiff, A. B. Carscallen, engaged the first crew, including an engineer, and for some eleven days directed the immediate operation of the property, it appears that he engaged the crew at respondent's instance; that his own wages as well as those of the crew were paid by respondent; that he quit the job and left the property after being advised by respondent's foreman that his services were no longer needed; that the property remained in charge of such foreman and was operated off and on for a period of some ten days by a changing crew employed and directed by him until it was burned on July 7th.

[3] The question of negligence presents more difficulty. Ordinarily, where property is injured, lost or destroyed while in possession of a bailee, a presumption of negligence arises, making a *prima facie* case and casting upon the bailee the burden of showing that the loss was due to other

causes consistent with due care on his part. (*Cluer v. Leahy, ante,* p. 320, 256 Pac. 760.) But, when it appears that the loss or injury was caused by fire or other extraordinary intervention, the burden is upon the bailor to prove a lack of ordinary care or violation of some specific duty by the bailee resulting in the proximate cause of the damage. (6 C. J. 1158, 1159; *Rosendahl v. Lemhi Valley Bank,* 43 Ida. 273, 251 Pac. 293; *Southern R. Co. v. Prescott,* 240 U. S. 632, 36 Sup. Ct. 469, 60 L. ed. 836; *Levi v. Missouri· K. & T. Ry. Co.,* 157 Mo. App. 536, 138 S. W. 699; *Wilson v. Southern Pac. R. R. Co.,* 62 Cal. 164; *Stone v. Case,* 34 Okl. 5, 124 Pac. 960, 43 L. R. A., N. S., 1168; *Scott v. Columbia Compress Co.,* 157 Ark. 521, 249 S. W. 13; *Stewart v. Stone,* 127 N. Y. 500, 28 N. E. 595, 14 L. R. A. 215; *Belt R. & S. Co. v. McClain,* 58 Ind. App. 171, 106 N. E. 742; *Perera v. Panama-Pacific I. E. Co.,* 179 Cal. 63, 175 Pac. 454.)

[4] The complaint charged no specific act of negligence, unless it can be said that the general allegation that defendant "did not exercise reasonable diligence to protect and safeguard" constitutes a specific charge. Not until the evidence began to develop could respondent have been apprised of any particular delinquency relied on. The record shows that the barge equipped with engines and boilers was lashed to a public bridge over which vehicles and pedestrians were customarily passing; that it was built of lumber and "dry as a bone"; that the weather was hot and rainless; that the plaintiff, A. B. Carscallen, had, advised respondent's foreman and the engineer in charge that the barge should have a watchman or, if they did not have a watchman and there was danger of fire from "people going down there, and throwing cigarettes out there," "they should sweep it out clean and soak it down every night with water"; that for three days preceding the burning the suggested precautions had not been observed.

Upon this evidence, appellants insist they should have been permitted to go to the jury. There is nothing in the record descriptive of the fire or the place or manner of its

starting. There is nothing to suggest the actual passing or presence of smokers, or that the fire was accidental instead of incendiary. To have reached a verdict for appellants, the jury would have had to exclude all possibility of incendiarism, defective fire-boxes, and overheated connections on the barge itself, and assume that some traveler or chance visitor dropped a lighted match, cigarette or other inflammable substance that caused the ignition. The resulting verdict could have been arrived at only through an indulgence of mere conjecture.

The remaining errors submitted have to do with the admission of evidence over appellants' objection, but are either too general for consideration or have been cured by other evidence later adduced by appellants.

Judgment and order affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.