(No. 4778. April 26, 1928.)

WILLIAM J. WHITE, Appellant, v. VILLAGE OF SODA SPRINGS, Respondent.

[266 Pac. 795.]

154

Walter H. Anderson, for Appellant.

J. H. Peterson and Holden & Coffin, for Respondent.

TAYLOR, Commissioner. — Plaintiff brought action against the Village of Soda Springs on a written contract for the construction of concrete sidewalks, alleging work performed in the sum of $28,018.85, payment of $25,011.21 and a balance due of $3,486.94. Defendant answered, denying the allegations of the complaint and alleging that the payment of $25,011.21 was "in full for all services which had been rendered to the defendant . . . ." Trial was had to the court, defendant offering no evidence. Judgment was entered for defendant. Plaintiff has appealed.

The salient facts established by the evidence are as follows: After completion of the work, the village engineer, as provided in the contract, made a "final estimate of the amount of work done under this contract and the value thereof . . . . " Plaintiff presented this estimate to defendant and was paid the full amount shown by it to be due, $25,011.21. Subsequently, plaintiff caused a resurvey of the work to be made, the engineer making the resurvey estimating that plaintiff had performed work of the value of $28,018.85.

 Appellant urges that, if the provision of the contract whereby all work should be done to the satisfaction of the village engineer, and that he should decide all disputes regarding the contract, and that his decision should "be final and binding on the parties to the contract," is invalid as conflicting with C. S., sec. 5670, the final estimate of the village engineer was not binding on appellant, and the trial court erred in entering judgment for respondent. Regardless of the legality of this provision of the contract, in the provision relative to the final estimate of the village engineer the stipulation for finality is lacking and did not make the estimate final and conclusive on the parties as to the amount of work for which appellant was entitled to be paid. (*Smith v. Faris-Kesl Co.,* 27 Ida. 407, 150 Pac. 25; *Maney v. Idaho Const. Co.,* 30 Ida. 111, 163 Pac. 297.) The provision for the final estimate did not, therefore, restrict either party to the contract "from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals . . . . " and does not conflict with the statute.

 In presenting the estimate of the village engineer to the village as a claim against it, in the absence of any agreement or understanding that it was an estimate of only a portion of the work, the presumption is that it was a claim for all the work performed by appellant under the contract. (*Rawlins v. Jungquist,* 16 Wyo. 403, 94 Pac. 464; *Bowman v. Ogden,* 33 Utah 196, 93 Pac. 561.) And

when respondent allowed and paid the estimate, under such circumstances that both parties understood and intended that the payment was to be full and final satisfaction of appellant's claim against respondent, we think the final payment amounted to an offer and acceptance of a sum certain in full satisfaction of an unliquidated claim, constituting an accord and satisfaction between the parties. (*Bowman v. Ogden, supra;* 1 C. J. 551; 1 R. C. L. 194; *Nassoiy v. Tomlinson,* 148 N. Y. 326, 51 Am. St. 695, 42 N. E. 715; *New York Life Ins. Co. v. McDonald,* 62 Colo. 67, 160 Pac. 193; *City of Rawlins v. Jungquist, supra.*) Having failed to prove any ground for setting aside the settlement, appellant is bound by its terms. (1 C. J. 52, sec. 2.)

Appellant assigns as error the failure of the trial court to make findings of fact and conclusions of law. The failure of respondent to offer any evidence partakes of the nature of a demurrer to appellant's evidence. Since there is no conflict in the evidence, it is equivalent to an agreed statement of facts and it only remains for the court to draw conclusions of law from such facts. (*State v. Edwards,* 40 Mont. 287, 20 Ann. Cas. 239, 106 Pac. 695; *Milwaukee Land Co. v. Ruesink,* 50 Mont. 489, 148 Pac. 396; *McKune v. Continental Casualty Co.,* 28 Ida. 22, 154 Pac. 990; *Basinger v. Taylor,* 36 Ida. 591, 211 Pac. 1085; *Crawford v. Imperial Irr. Dist.,* 200 Cal. 318, 253 Pac. 726; 2 Bancroft's Code Practice and Remedies, sec. 1669.) Only one conclusion of law could be drawn from the evidence, and this the court drew in its order for judgment, drawn the day before the judgment was entered, to the effect "that the plaintiff take nothing by reason of his said complaint, and that defendant have judgment." This is a sufficient conclusion of law. (*Takekawa v. Hole,* 170 Cal. 323, 149 Pac. 593; *Prothers v. Superior Court,* 196 Cal. 439, 238 Pac. 357.)

I recommend that the judgment be affirmed, with costs to respondent.

The foregoing is approved as the opinion of the court and the judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.