[No. 24641. Department One. October 16, 1933.]

GEORGE S. LAWRENCE *et al., Respondents,* v. THE FAR-
MERS' MUTUAL INSURANCE COMPANY OF
ENUMCLAW, *Appellant.*[1]

*Davis, Groff & Moran,* for appellant.

*Thos. L. O'Leary,* for respondents.

MILLARD, J.—In 1926, George S. Lawrence conveyed one acre of land in Thurston county to his wife, Elizabeth Lawrence, as her sole and separate property. Shortly thereafter, pursuant to an oral agreement of

[1]Reported in 25 P. (2d) 1029.

Elizabeth Lawrence with Edward V. McMaster (Mrs. Lawrence's son by a former marriage), a dwelling house costing one thousand dollars was constructed on the tract. Under the terms of the oral contract, each of the parties was required to contribute five hundred dollars to pay construction costs, and the mother was obligated to convey the property to her son on payment by him of the five hundred dollars advanced by her for construction purposes. It is not claimed that the son ever paid his mother.

In October, 1926, Mrs. Lawrence executed a deed transferring the property to her son. The deed was never delivered to the grantee named therein, nor was that instrument placed of record. It was retained in the possession of Mrs. Lawrence. From the date the building was completed to the date, December 13, 1932, of its destruction by fire, the son was in possession of the property. When he was not residing therein, the house was occupied by tenants to whom he rented it.

On November 4, 1929, The Farmers' Mutual Insurance Company issued to George S. and Elizabeth Lawrence a policy insuring the above described house in the amount of one thousand dollars, for a term of five years, against loss or damage by fire. One of the conditions recited in the policy was to the effect that the "policy shall be void" if the insured had, at the time of the issuance of the policy, or if thereafter the insured procured, without permission of the insurer, other insurance on the property. The pertinent provision reads as follows:

"This policy shall be void, and all premiums paid forfeited to the company, if the insured now has or shall hereafter procure any other insurance, whether valid or not, on any property hereby insured, unless permission therefor is indorsed hereon and signed by the secretary of this company."

In May, 1932, on application of Edward McMaster, the New Brunswick Fire Insurance Company issued a fire insurance policy on the same property insuring "Elizabeth Lawrence & Verne McMaster" against loss in the amount of one thousand dollars. Mrs. Lawrence did not, nor did her husband, know, until subsequent to the destruction of the house by fire, that McMaster had procured additional insurance on the property. The amount payable under the New Brunswick Fire Insurance Company policy was collected by McMaster. No portion of that money was received by the Lawrences.

Proofs of loss having been made and payment refused by The Farmers' Mutual Insurance Company, George S. Lawrence and wife commenced an action upon the policy. Admitting the issuance of the policy to the plaintiffs, the insurance company alleged as affirmative defenses that the plaintiffs, without the permission of the defendant insurer, obtained additional insurance on the property in question; and that, at the time the house was burned, the plaintiffs carried insurance thereon "in excess of the value thereof and in excess of the value of their interest therein."

The cause was tried to the court on the one affirmative defense that, after the delivery of the policy upon which the action was brought, the plaintiffs obtained additional insurance in violation of the policy provision quoted above. The court found that the plaintiffs were the owners of the insured property; that the plaintiffs did not procure other insurance upon the property; that the plaintiffs did not know until after the destruction of the dwelling house that McMaster had procured the second policy of insurance; and that neither of the plaintiffs "ever ratified the acts of said Edward Vernon McMaster in procur-

ing such insurance policy.'' Judgment was entered in favor of plaintiffs. The defendant has appealed.

No evidence was adduced in support of the affirmative defense that the respondents, without permission of the appellant, procured additional insurance on the property covered by the policy upon which this action is based. The additional insurance was taken out by McMaster without the consent or knowledge of the respondents, and as there was no acquiescence in or ratification of it by them, they did not breach the policy provision making additional insurance a ground of forfeiture. 14 R. C. L. 1137.

The only question presented by the appeal is whether the trial court erred in denying the motion for a new trial. Appellant relies for reversal of the judgment upon only three of a number of statutory (Rem. Rev. Stat., § 399) grounds upon which the motion for a new trial was based. They are: ''Misconduct of prevailing party . . . Accident or surprise which ordinary prudence could not have guarded against;'' and

''Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial.''

One of the two affidavits in support of the motion for a new trial was that of one of appellant's counsel. The affiant averred that ''the defense was a complete surprise,'' and that it was impossible for him to produce at the trial evidence contradictory of that adduced by the respondents. It further appears from the affidavit that, on the day of the trial of this cause, the affiant visited the office of the state insurance commissioner and the local representative of the insurance company which issued the second policy, and there obtained information which enabled him within a few

days to acquire all the records he contemplates offering in evidence in the event of a new trial.

The other affidavit, that of an adjuster for the New Brunswick Fire Insurance Company, recites that the second policy was written in the name of Elizabeth Lawrence and Verne McMaster; that the proof of loss was signed and filed by both Mrs. Lawrence and Verne McMaster; that Mrs. Lawrence was conversant with all the details relative to the transaction and approved everything that was done by the adjuster; and that, on or about January 16, 1933, the affiant filed in the state insurance commissioner's department a report which "contains the information in a more complete way, relative to the policy, proof of loss and adjustment of loss, than the statement under oath of this affiant."

The cause was tried April 18, 1933. By its answer, verified March 2, 1933—more than six weeks prior to the trial of the cause—appellant pleaded as an affirmative defense that, subsequent to issuance of the policy upon which this action is based, respondents obtained additional insurance which voided the policy issued by appellant. Counsel for respondents stated at the opening of the trial that additional insurance on the property covered by the first policy was taken out by McMaster without the knowledge or consent of respondents, who "knew nothing about such additional insurance until after the fire had occurred." That disclosure evoked no claim of "accident or surprise." Nor was request made at any time during the trial for a continuance on the ground of "accident or surprise." The claim of "accident or surprise" came too late, as it was not voiced until appellant filed its motion for a new trial. It plainly appears that there was no "accident or surprise which ordinary prudence could not have guarded against."

Equally untenable is the ground of newly dis-

covered evidence. A new trial on the ground of newly discovered evidence is not warranted unless it appears that the evidence could not have been discovered before the trial by the exercise of reasonable diligence. *Libbee v. Handy,* 163 Wash. 410, 1 P. (2d) 312. See, also, Rem. Rev. Stat., § 399, subd. 4. From January 16, 1933 (three months prior to the trial of the cause), the newly discovered evidence could, by the exercise of reasonable diligence, have been discovered. On that date, by the filing with the insurance department of his report, the adjuster for the New Brunswick Fire Insurance Company made available to appellant all of the information respecting the second policy of insurance. On March 2, 1933, when appellant verified its answer, in which the affirmative defense of additional insurance was pleaded, there were available the same channels through which appellant's investigation, more than six weeks later, disclosed the evidence urged as a basis of the motion for a new trial. Appellant made no showing of diligence in support of its motion for a new trial on the ground of newly discovered evidence.

The third ground—misconduct of prevailing party—upon which appellant based its motion for a new trial is without substantial merit.

The judgment is affirmed.

BEALS, C. J., MITCHELL, MAIN, and STEINERT, JJ., concur.