HILL et al. v. CAPITOL STATE BANK et al.

No. 26581.  Dec. 8, 1936.

Rehearing Denied Jan. 9, 1937.

Ermand S. Price, for plaintiffs in error.

James P. Hughes, for defendant in error.

PER CURIAM. On January 2, 1934, the Capitol State Bank was closed by the order of the Bank Commissioner, who took charge of the assets and property of the bank for the purpose of winding up its affairs and liquidating its assets and paying its depositors and creditors. After the Bank Commissioner took charge of the assets and property of the Capitol State Bank, he prosecuted the action that had been filed by the bank against the Hills to judgment, which was rendered on the 19th day of November, 1934.

The record discloses that the judgment of the court was made a first and prior and superior lien upon the property described in the mortgage, and ordered that the mortgage be foreclosed as against the Hills and each of them.

It was further the judgment and order of the court if the money judgment rendered in favor of the Capitol State Bank be not paid within six months from the rendition thereof, the property described in the mortgage be sold and the proceeds applied to the payment of the costs of the action and of the payment to the plaintiff of the amount found to be due, and the remainder, if any, be paid into court to await its order.

There was no appeal taken by the Hills from the judgment rendered against them, nor did they pay the money judgment rendered against them by the court, and on the 4th day of October, 1935, a special execution and order of sale was issued to the sheriff of Oklahoma county requiring him to levy upon and sell the property involved to satisfy the judgment.

On November 12, 1935, the property located in Cleveland county was sold to the state of Oklahoma on relation of the Bank Commissioner for the use and benefit of the depositors and creditors of the bank.

On July 22, 1935, the Hills filed an amended and substituted petition, the object and purpose of which was to vacate and set aside the judgment rendered against them and to cancel all liens created by the judgment and to give them a new trial.

In the petition the defendants allege four grounds for a new trial, but in their brief they have practically abandoned the first three grounds set up in the petition, and rely upon the fourth ground, which is the discovery of new evidence which they were unable, with due diligence, to procure prior to the trial.

The plaintiff filed a demurrer to the amended and substituted petition, which was heard by the court and sustained, and from the ruling of the court thereon the defendants prosecute error here.

We have examined carefully the transcript of the record and the briefs of the plaintiff and the defendant, and we find no merit in the alleged errors claimed by the defendants.

The sole proposition presented for disposition here is whether or not the court erred in sustaining the demurrer to the amended and substituted petition of the defendants.

The first three grounds set up in the amended and substituted petition present errors of law by the lower court during the trial of the case, from which no appeal was taken, and are governed by section 400, O. S. 1931, which provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The fourth ground as stated is newly discovered evidence. The defendants allege that during the trial of the case they were surprised by evidence introduced on behalf of the plaintiff, which, arising as it did, they were unable to meet.

The record fails to disclose that at the time the evidence was offered, or at any time during the trial, they asked to delay the trial so as to enable them to meet the evidence that it is now alleged surprised them.

It is the duty of a party surprised on the trial of a case, immediately upon discovery of such surprise, to take the necessary steps to delay the trial so as to enable him to prepare to protect his rights.

He will not be permitted to allow the case to proceed and take his chances on the result of a favorable decision, and losing in that urge his surprise as ground for a new trial. Herring v. Hood, 55 Okla. 737, 155 P. 253.

612

The defendants rely upon section 402, O. S. 1931, which provides:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict or decision was rendered or made or report of the referee approved, or where the impossibility of making a case-made, without fault of the complaining party, arose after said term, the application may be made by petition filed in the original case, as in other cases, not later than the second term after such discovery or occurrence; on which a summons shall issue, be returnable and served, or publication made, as in the beginning of civil actions, or such service may be made on the attorney of record in the original case. The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation, the case shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expiration of twenty days from such service. The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than one year after the final judgment was rendered."

The petition for a new trial upon the grounds of newly discovered evidence fails to allege or show when they discovered the evidence which they now claim entitles them to a new trial.

It was the duty of the defendants to allege affirmatively in their amended and substituted petition, that the evidence was discovered after the term at which the judgment was rendered, and the petition in this case wholly fails to allege that affirmative fact. The law requires a substantial compliance with the statute. Vann v. Board of Education, 102 Okla. 286, 229 P. 433. In City of Sapulpa v. Deason, 81 Okla. 51, 196 P. 544, this court held:

"A rule of wide recognition regarding the granting of new trials on the ground of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be merely to impeach or contradict the former evidence."

The record discloses that the alleged newly discovered evidence is merely cumulative of that given on the trial, and we hold that newly discovered evidence which is cumulative of evidence already given or which merely attempts to impeach a witness is not grounds for a new trial.

The ruling of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. M. Springer, A. R. Swank, and Ernest F. Jenkins in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Springer and approved by Mr. Swank and Mr. Jenkins, this cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, and BUSBY, JJ., absent.