No. 35,568

W. W. KISKADDEN, *Appellee*, v. J. C. HAWKINS and ALFRED ROVINGER, *Appellants*.

(127 P. 2d 423)

Opinion filed July 11, 1942.

*C. W. Slifer,* of St. John, argued the cause, and *Ben D. Clower,* of Tyler, Tex., was on the briefs for the appellants.

*Evart Garvin,* of St. John, argued the cause, and *Morris Garvin* and *Harry G. Wiles,* both of St. John, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a suit to quiet title to an oil and gas lease in Stafford county. Plaintiff prevailed, and defendants appeal.

The landowners were not parties to the suit, the controversy being entirely between alleged lease owners. The appeal is only from the order overruling defendants' motion for a new trial. The grounds contained in the motion were:

"(1) Accident and surprise which ordinary prudence could not have guarded against.

"(2) Erroneous rulings of the court.

"(3) The judgment is in whole or in part contrary to the evidence."

In view of the stipulated facts and the total absence of the slight-

est contention made by appellants in the course of the entire trial, touching the subject of accident and surprise, it is unnecessary to treat the first ground of the motion. Certainly it cannot be said any substantial rights of appellants were affected by accident or surprise, which if it in fact existed, was so slight as not to occasion the remotest complaint or objection during the trial. Moreover, the record rather clearly tends to indicate there was neither accident nor surprise.

The second ground of the motion, insofar as admission of evidence is concerned, relates to the first ground. The principal complaint on appeal pertains to the admission of evidence with respect to agency concerning which appellants contend they were surprised. Much of appellants' brief is devoted to that subject. It involved the question whether under the oral arrangement between the landowners, husband and wife, and a man by the name of Fulks, the latter was required to take the lease in his own name, or whether he was authorized to sell it to some other purchaser in the event he decided not to take the lease himself. The written lease, attached to the petition, was executed by the landowners, George L. Wright and his wife, and the name of the lessee was left blank. While the averments of the petition might have been more definite and certain, they were sufficient, in the absence of a motion to make them so, to support proof on either theory. The second ground of the motion was properly denied by the trial court for another reason. George L. Wright testified positively he had given Fulks authority to insert the name of the person to whom he (Fulks) might sell the lease. We do not find a single objection in the entire record to any testimony pertaining to Fulks' agency to sell the lease to appellee or to any other person, in the event Fulks decided not to purchase the lease himself. In fact, testimony of Fulks' agency was introduced by appellants themselves who called Fulks as their own witness. Manifestly, they are in no position to urge the second ground of the motion insofar as the admission of evidence is concerned.

This brings us to the third ground of the motion. The trial court made findings of fact and conclusions of law. The findings made clearly support the judgment. Appellants did not move to set aside a single finding of fact on the ground it was unsupported by evidence or for any other reason. They did not move for contrary or additional findings of fact. The findings made support the judgment.

No errors of any kind or character were urged until the motion for new trial was presented. One of the specific findings of the trial court was:

"The court further finds that, in the arrangement with the said Fulks, it was agreed between the lessors and the said Fulks that said Fulks should either act as broker and secure a purchaser for said mineral rights or he could exercise the election of purchasing said lease for himself."

W. W. Kiskadden, appellee, purchased the lease. The name of appellee was inserted in the lease as the lessee. The consideration for the lease in the sum of $160 was by the landowners assigned to the Federal Land Bank of Wichita, which held a mortgage on the leased premises. In compliance with the assignment appellee paid the consideration for the lease to the Federal Land Bank.

Under the testimony and unchallenged findings, appellants clearly understood, at the time they accepted a lease from the landowners, that Fulks had obtained an extension of the original time within which the lease could be purchased or sold by Fulks, that such lease had been delivered to Fulks and that the extension of time had not yet expired. Appellants took their lease with full knowledge of all these facts and the court so found.

In view of the condition of the record it is unnecessary to consider the further contention of appellants that there was no consideration for an extention of time, granted by the landowners, within which Fulks might purchase the lease for himself. Fulks did not purchase the lease. With proper authorization from the landowners he sold the lease to appellee. Appellants concede no additional consideration from Fulks was necessary to support the granting of an extention of time within which Fulks might sell the lease to another.

In the light of what has already been said, we need not discuss appellants' further contention that their demurrer to appellee's evidence should have been sustained. That contention involves the same subjects of agency and want of consideration which have already been considered and determined.

The judgment is affirmed.