## SCOTT v. BAILEY et al.

No. 32388. May 21, 1946.

*169 P. 2d 208.*

F. E. Riddle, of Tulsa, for plaintiff in error.

John W. McCune, of Tulsa, for defendants in error.

RILEY, J. Elsie Scott filed, in cause No. 68514, that which is denominated a "Petition in the Nature of Bill of Review". The movant sought vacation of a final judgment against her and in favor of C. W. Bailey foreclosing a real estate mortgage on property in Tulsa county, theretofore conveyed to movant subject to the real estate mortgage foreclosed. Movant seeks to credit the judgment for payment allegedly made by her prior to rendition of the judgment, to charge the expense of an abortive sheriff's sale of the property to the creditor who subsequently foreclosed the mortgage. The movant seeks a new trial in the mortgage foreclosure for alleged newly discovered evidence as to the credits claimed. Scott v. Bailey et al., 195 Okla. 199, 156 P. 2d 625.

The motions of C. W. Bailey and M. K. Jones, purchaser at the sheriff's sale, to strike movant's petition were sustained and the petition was dismissed. From the order of dismissal, Elsie Scott has appealed by transcript. Defendants in error move to dismiss:

The final judgment is not void upon the face of the record. The petition seeks relief for fraud de hors the record, and extrinsic in its nature.

12 O.S. 1941 § 1033 requires, in proceedings by petition to vacate or modify a final order or judgment for fraud in obtaining the order or judgment, or for unavoidable casualty or misfortune preventing the party from defending, a verification by affidavit of the grounds upon which vacation or modification is sought. Allen v. Gaston, 74 Okla. 320, 189 P. 183; Maston v. Chandler Bldg. & Loan Ass'n, 61 Okla. 230, 157 P. 366; Atchison, T. & S. F. Ry. Co. v. Schultz, 24 Okla. 365, 103 P. 756.

The unverified petition amounts to a motion. A motion to vacate a voidable judgment or order, not void upon the record proper, is not presentable by transcript. Campbell v. Aetna Bldg. & Loan Ass'n, 183 Okla. 28, 79 P. 2d 791.

The ruling on a motion is not a part of the record presentable by transcript. Sautbine v. Johnson, 163 Okla. 121, 20 P. 2d 1038; Meeks v. Okla. Nat. Bank, 129 Okla. 280, 264 P. 609; Adams Royalty Co. v. Faulkner, 176 Okla. 423, 55 P. 2d 1033.

If the petition is treated as a motion for new trial (12 O.S. 1941 § 651) it fails because not made within term time. § 653 Id.; Hill v. Capital State Bank, 178 Okla. 610, 63 P. 2d 957; City of Duncan v. Abrams, 171 Okla. 619, 43 P. 2d 720. The complaining party has been negligent in failing to protect her interest, City of Ada v. Chambless, 183 Okla. 58, 79 P. 2d 1018, for the alleged newly discovered evidence is the same as that alleged in objection to entry of judgment from which an appeal lay.

This court cannot know from the transcript whether evidence was presented upon the petition or the motion. No evidence is presented, or presentable, by transcript in the absence of bill of exception allowed.

This court cannot conclude that verification of the petition was waived. The presumption is to the contrary.

Dismissed.

HURST, V.C.J., and WELCH, CORN, and DAVISON, JJ., concur.