[Civ. No. 8166. Third Dist. June 27, 1952.]

W. R. STANDLEY, Respondent, v. FEATHER RIVER PINE MILLS, INC. (a Corporation) et al., Appellants.

Peters & Peters for Appellants.

Lewis & Lewis and Robert A. Leonard for Respondent.

VAN DYKE, J.—Plaintiff-respondent brought this action to recover damages for personal injuries sustained by him while preparing to unload steel from flat cars owned and operated by defendants-appellants. The jury returned a verdict in favor of respondent in the sum of $40,000. Upon appellants moving for a new trial it was ordered that the same be granted unless respondent would consent to a reduction in the sum of $10,000. This condition was accepted by respondent, a new trial was denied, and judgment was entered in respondent's favor for $30,000. From this judgment appellants appeal.

The steel which respondent had been preparing to unload had been transported by appellants' to an unloading area at Bidwell Bar, some 10 miles from Oroville, California. Five cars had been spotted at this siding on an incline above the unloading area. The first two cars were empty and the remaining three carried the steel. In order to move the loaded cars, as wanted, to the point where they were to be unloaded, the method followed was to release the hand brakes, allowing the car wanted to roll downgrade, meanwhile controlling the speed and stopping the car at the desired point by the use of the hand brakes. The two empty cars were first moved to a location below the unloading point and having done this plaintiff and his helper started to move the first of the loaded cars. They uncoupled the car from the remaining two, released its brakes and as the car began to roll applied pressure on the brakes to control and check its movement. They found they could neither stop the car nor control its speed because the brakes would not hold it. At this moment, the remaining cars, though their brakes had not been released, began to move. They picked up speed to a point where they were moving downgrade faster than was the car on which the men were riding. Confronted by this situation, respondent told his helper to jump and immediately thereafter he also jumped from the moving car, sustaining fractures of the bones in his right leg below the knee. Respondent in drafting his complaint specially pleaded the

following acts of negligence: He alleged that the negligence which caused the accident consisted in carelessly and negligently failing to keep the brakes on the cars in good repair and in safe and sound condition. He alleged that on the contrary and for a long time prior thereto those cars had been negligently and carelessly used and suffered to be used with brakes that were defective. The complaint contained no general allegations of negligence.

Appellants contend that there was injected into the case a new and independent theory of negligence not embraced in the pleadings, which were not amended, and that ordinary diligence could not have anticipated that such new and independent theory would be injected; that appellants were "surprised" to the extent that, not being able to anticipate the new theory, they were not prepared to meet and defend against it. They say they came into court to meet the issue that the cars had defective brakes, but that during the argument, and without warning, counsel for the respondent argued that the evidence disclosed negligence on the part of appellants in that they had overloaded their cars so that they ran away, thus proximately causing respondent's injuries.

Some testimony touching upon the matter of the loading had come in during the trial without objection on the part of appellants. Respondent's employer, one Borovich, testified that the weight tags obtained when the steel was weighed, after it had been taken away on trucks and delivered to him, showed that there were 10 truckloads of steel and that the weight tags totaled 423,770 pounds, which made a load of about 140,000 pounds per car. Also the superintendent of operations of one of the appellants, testifying for them, gave testimony to the following effect upon cross-examination: That the weight load of the cars was 100,000 pounds, that the weight of the steel on the cars had not been ascertained by appellants, but that he estimated it to have been between 40 and 50 tons per car. This testimony was not objected to. It further appears that counsel for the respondent requested an instruction, copy of which was served upon counsel for the appellants, which instruction told the jury that they might find for respondent if they found that appellants were negligent in providing cars with defective brakes or in supplying cars which were overloaded. This instruction the court refused to give. Counsel are in disagreement as to the court's reasons, counsel for the respondent ascribing the refusal to the court's belief that by the way the appellants were men-

tioned in the instruction it might prove confusing to the jury, whereas counsel for the appellants asserts the court's refusal was based upon the court's construing the instruction as authorizing a recovery, either by reason of defective brakes as alleged in the pleading, or by overloading, a charge of negligence not pleaded. Counsel for the respondent argued to the jury *inter alia,* that the appellants had been guilty of great negligence in overloading the cars. Counsel for appellants now contends that when this statement was made he was "taken completely by surprise"; he says, "in fact, he was stunned; at no time did he ever consider any issue in the case but 'defective brakes.' " Nevertheless, he made no objection to the argument nor did he then nor thereafter ask the court to instruct the jury that the charge was outside the issues. The first time that any objection was made or relief asked was in connection with appellants' motion for a new trial.

█ It is a well established rule that objections to evidence may not be made for the first time on appeal, and this rule applies to an objection that evidence is not within the issues presented by the pleadings. (*Dahne* v. *Dahne,* 49 Cal.App. 501, 504 [193 P. 785]; *Mock* v. *Santa Rosa,* 126 Cal. 330 [58 P. 826].) █ Likewise an objection of variance between allegations and proof cannot be raised for the first time on appeal. (*Colbert* v. *Colbert,* 28 Cal.2d 276, 281 [169 P.2d 633].) When counsel for the respondent argued upon the point of overloading he specifically referred to the testimony of Mr. Borovich and of appellants' superintendent and counsel for appellants then questioned the accuracy of the statements concerning overloading, but did not make the objection he now urges. █ Under these circumstances we think appellants are in no position to urge injury through surprise, but on the contrary are in the position discussed by the Supreme Court in *Kauffman* v. *De Mutiis,* 31 Cal.2d 429, 432 [189 P.2d 271], wherein that court said:

". . . Where a situation arises which might constitute legal surprise, counsel cannot speculate on a favorable verdict. He must act at the earliest possible moment for the 'right to a new trial on the ground of surprise is waived if, when the surprise is discovered, it is not made known to the court, and no motion is made for a mistrial or continuance of the cause.' "

Here, although appellants' counsel says, as noted, that he was surprised, yet he did not indicate to the court that such

was the situation or that he considered that the argument was placing him at a disadvantage. Naturally, therefore, the cause moved on to verdict.

When appellants presented these matters to the court on motion for new trial their affidavits in support of their motion attacked the correctness of Borovich's testimony as to the weight of the steel that was on the three cars and this attack was made the subject of conflicting affidavits on the part of respondent in resisting the motion. The entire matter of any disadvantage which appellants may have labored under after the argument had been made as to negligence by overloading was presented to the trial court and that court denied the motion. We cannot disturb that order here except for abuse of discretion. ■ It is well settled that the granting or denial of a motion for new trial is discretionary with the trial court and that its determination will not be disturbed unless that discretion has been abused. (*Kauffman* v. *De Mutiis, supra,* pages 433-434, and cases cited.) When we consider that the testimony concerning any overloading that may have been done came in without objection, that the good faith of counsel for the respondent in urging the additional ground of negligence is well indicated by the request for an instruction upon the point; that notwithstanding surprise occurring immediately upon the making of the argument concerning overloading, no objection was made that the matter was outside the issues and no request was directed to the court for relief; and when we further consider that the trial court in passing upon the motion is, in such a case as this, always in a much more advantageous position to determine whether or not prejudice has in fact been suffered, we cannot hold that the trial court was guilty of an abuse of discretion in denying the motion for new trial.

■ Appellants further contend that by the instructions given the trial court committed error in that certain instructions "permitted the jury to take into consideration any act which they considered negligent, and did not limit the jury to consideration of the specification of neglect, namely 'defective brakes.'" Specifically, appellants' complaint in respect of instructions is not that the instructions were not correct statements of law but that they told the jury they could bring in a verdict in respondent's favor if they found the appellants to have been negligent, whereas, in view of the special pleading of negligence, this general statement should have been qualified by the addition of the words "as alleged" or other

limiting language.  But no request was made that such limiting language be placed in the instructions, and since the instructions were correct statements of the law we think the jury were in nowise confused or misled.

■ Finally, appellants contend that the verdict was excessive.  The injuries were quite extensive.  Respondent sustained a compound comminuted fracture of the lower third of the right tibia and fibula.  His leg was in a cast at the time of the trial, over a year after the accident, and had been immobilized practically all of the intervening time.  There was testimony that he had had two operations, one to prevent infection and another to accomplish bone grafting; that there was marked nonunion and that a third operation to remove a piece of dead bone would be necessary; that he would suffer total temporary disability for yet another year with the necessity of physiotherapy treatment and would have a permanent stiffening of the ankle and forefoot.  The trial court considered the matter of the proper amount of damages and exercised its power to reduce the award, thus indicating that it thought the award as so reduced was reasonable.  Under such circumstances we cannot say on appeal that the award as it now stands is excessive.

The judgment is affirmed.

Adams, P. J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied July 23, 1952, and appellants' petition for a hearing by the Supreme Court was denied August 21, 1952.  Schauer, J., was of the opinion that the petition should be granted.