272 P.2d 718

**JULIEN v. BARKER et al.**

No. 8032.

Supreme Court of Idaho.

July 8, 1954.

Whitla & Knudson, Coeur d'Alene, for respondent Barker.

W. J. Nixon, Bonners Ferry, Geo. W. Young, Spokane, Wash., for appellant.

Wm. S. Hawkins, Coeur d'Alene, for respondent Matson.

TAYLOR, Justice.

 This appeal is from "oral order sustaining the motion for nonsuit herein at the conclusion of the plaintiff's case in chief", and from the order denying appellant's motion for a new trial. The notice of appeal was dated, served and filed June 30, 1953. The oral order referred to was apparently a ruling of the court made at the trial on March 18, 1953. A judgment of nonsuit dated March 18, 1953, was filed March 23, 1953. Respondents have moved to dismiss the appeal from the order of nonsuit. The appeal, having been taken more than 90 days after the entry of the order, is dismissed. § 13–201 I.C.

The order denying a new trial was dated May 22, 1953, and filed June 1, 1953. The appeal from that order is timely. § 13–201 I.C. The separate motions of the respondents to dismiss the appeal from the order denying a new trial, are based upon the grounds that there is no certificate as to the papers used or considered by the trial judge in disposing of the motion, as required by Rule 35 of the appellate rules of this court, and on the further ground that the record affirmatively shows that papers other than those included in the transcript were submitted to, and considered by, the trial judge in disposing of the motion for a new trial.

The motion of respondent Barker was filed in this court May 10, 1954, and the motion of respondent Matson was filed May 13, 1954. By order made April 26, 1954, the cause was set to be argued on the merits May 24, 1954. On May 12, 1954, the appellant filed with the clerk of the district court a supplemental praecipe requesting the clerk to prepare a transcript of the omitted papers, and a clerk's certificate as to papers used on the motion for a new trial. A supplemental transcript was accordingly prepared, and filed in this court May 24, 1954.

The certificate included in the supplemental transcript appears to have been signed by the clerk by his own hand, and bears the seal of the clerk of the district court. However, it appears from the show-

ing made by appellant that the clerk, in a letter received by appellant's counsel on May 21st, refused to execute such a certificate on the ground that he was not present at the hearing of the motion for a new trial, and had not been informed by the district judge as to what papers he used or considered. The affidavit made by one of the appellant's counsel further shows that the omission of the counter-affidavits and the certificate from the original transcript was by mistake and inadvertence; that he was not aware of the omission until he received the brief of respondent Barker (filed March 1, 1954); that he thereupon, on May 10, 1954, wrote the clerk of the district court requesting the supplemental transcript, and mailed to this court his motion for an order augmenting the record; that on May 23, 1954, he asked counsel for respondent Barker and counsel for respondent Matson to join him in a certificate. Both counsel for respondents refused the request. Thereafter, and on the same day, the affiant requested the district judge, who had entered the order appealed from, to execute such a certificate; that the judge had retired from office subsequently to the making of the order by reason of ill health, and that he refused to sign the certificate, stating that he had no recollection of what papers he used or considered in disposing of the motion for a new trial. Appellant's counsel then executed a certificate in proper form, which was filed in this court May 24, 1954.

The question presented is whether this certificate, executed by appellant's counsel only, is a sufficient compliance with Rule 35, and related sections of the statute. §§ 13–214, 13–216 and 10–607 I.C.

No contention or suggestion is made that the certificate certifies to any papers which were not used or considered by the district judge, or omits any papers which were used or considered by him, in passing on the motion for a new trial. The original transcript was certified to by the clerk of the district court October 21, 1953. The district judge who acted on the motion for a new trial had retired from office, because of illness and infirmity, on July 30, 1953. The judge having retired under such circumstances that his memory failed him as to what papers were before him, and the clerk not having been present and not having been advised by the judge, neither of such officers could execute the certificate.

Under such circumstances the certificate made by appellant's counsel, not being challenged as to the correctness of its contents, should be accepted, and the appeal heard on its merits. Although appellant was at fault in omitting from his original praecipe the counter-affidavits and certificate, it appears that in all likelihood he could not have obtained the certificate from either the judge or the clerk if the omission had not occurred.

We have on numerous occasions permitted augmentation to supply or amend the

required certificate. Steensland v. Hess, 25 Idaho 181, 136 P. 1124; Smith v. Inter-Mountain Auto Co., Ltd., 25 Idaho 212, 136 P. 1125; Burgess v. Corker, 25 Idaho 217, 136 P. 1127; Witt v. Beals, 31 Idaho 84, 169 P. 182; Owen v. Taylor, 62 Idaho 408, 114 P.2d 258. In some of these cases the augmentation was permitted when requested as late as the hearing on the motion to dismiss. In Eichner v. Meyer, 56 Idaho 751, 58 P.2d 845, the certificates were signed by appellant's attorney only. The court, speaking through Chief Justice Givens, said:

"Considering Rules 23 and 30, and § 11–216, I.C.A., it is apparent that the certificate, to be sufficient, must be signed by the attorneys for all parties, and this certificate was therefore fatally defective." 56 Idaho at page 754, 58 P.2d at page 846.

In that case, however, it appears there was no showing as to why the certificate was not made by the judge or the clerk, or why it was not signed by counsel for the respondent, and no motion was made for leave to amend or supply a proper certificate.

In Gloubitz v. Smeed Bros., 52 Idaho 725, at page 727, 20 P.2d 198, at page 199, the court held:

"Such certificate is not jurisdictional, and the failure to include it in the transcript may be corrected before final submission of the case on appeal."

This statement was approved in Owen v. Taylor, supra.

The motion to augment the record is granted.

The motion to dismiss the appeal from the order denying a new trial is denied.

The motion for a new trial is predicated upon the following grounds:

"1. Irregularity in the proceedings of the Court, jury, or adverse party or any order of the Court or abuse of discretion by which either party was prevented from having a fair trial in that the defendants and those privy to them and whose conduct in law is imputable to the defendants, conspired to and did conduct a campaign of intimidation consisting of threats of withdrawal or professional patronage and professional reprisals which were calculated to and did have the effect of intimidating and coercing two medical experts who were employed by the plaintiff to testify in this case, which medical testimony would have established, prima facie, negligence with which defendants are chargeable and for the sake of which the motion for nonsuit was granted in this case; that the campaign of coercion was conceived, executed and timed so as to commence following the announcement of the names and residences of said experts made at the opening of the case and prior to voir dire examination of prospective jurors,

thus preventing plaintiff from procuring other expert witnesses, and plaintiff was successfully prevented thereby from obtaining other expert witnesses in time for such trial.

"2. Accident or surprise which ordinary prudence could not have guarded against.

"3. That the decision of the Court granting defendants separate motions for nonsuit is against law.

"4. Error in law occurring at the trial and excepted to by the plaintiff."

The first ground sets forth a very serious charge of contempt of court, which would justify the prosecution of the offenders, had the acts charged occurred within the jurisdiction of the court. §§ 7–601, 7–610 I.C. It appears from the affidavit of one of the appellant's counsel that he had arranged with Dr. S. Thatcher Hubbard and Dr. W. V. Moyer, of Spokane, Washington, to be in attendance at the trial in Coeur d'Alene, Idaho, on the morning of March 17, 1953; that they had assured him as late as March 16th, the day the trial began, that they would appear and testify for the plaintiff; that on the evening of the 16th Dr. Hubbard advised the attorney that he would not be present, and on the morning of the 17th Dr. Moyer advised that he would not be present. These prospective witnesses told the affiant that they had been importuned by officers and members of the Spokane Medical Society, and by agents of insurers of medical practitioners against liability for malpractice, not to testify for the plaintiff; and that they had been intimidated by suggestions and threats from such persons, that their professional relations with the medical society and the insurers, and their practice, would be damaged if they became witnesses in plaintiff's behalf; and that by reason of such intimidation they refused to appear as witnesses. If true, it is hard to conceive of conduct more damaging to the medical profession, or to its relations with the public, and with the courts.

In the immediate inquiry, however, we are limited to the competency and sufficiency of this showing to require the granting of a new trial upon the ground of irregularity in the proceedings of the adverse party, by which plaintiff was prevented from having a fair trial. § R–10–602 I.C., subsection 1. The affidavit of appellant's counsel as to what Drs. Hubbard and Moyer told him is hearsay and incompetent, at least in the absence of any showing as to why affidavits were not, or could not, be obtained from the doctors themselves. Perhaps the same intimidation would prevent them from making affidavits, but such fact is not averred. Moreover, nowhere in the showing made for a new trial does it appear that either of the defendants or their counsel, or any one on their behalf, with their knowledge or consent, did or said anything toward, or had any connection with, procuring the absence of these witnesses. Thus, so far as the record

420

shows, there was no irregularity in the proceedings of the adverse party.

The affidavit, however, does show, without reliance upon hearsay, that the witnesses agreed to be present and testify for the plaintiff; what they would testify to is set out, showing competency, materiality, and importance to plaintiff's case; that they did not appear; that their impending absence was not known to plaintiff's counsel in time to arrange for other expert testimony; that the plaintiff was taken by surprise.

▆▆▆ The fact that the witnesses would not be present was known to appellant's counsel on the morning of March 17th, but he did not make the fact known to the court, nor ask for a continuance to procure other evidence. Instead he chose to proceed with the trial, presented his evidence, and rested some time on the 18th, when the nonsuit was granted. The accident or surprise which would justify a new trial is that "which ordinary prudence could not have guarded against." Presumably, a continuance would have enabled plaintiff to produce the evidence through other expert witnesses. It was, therefore, a want of prudence not to seek a continuance. The right to a new trial on that ground was waived. Aulbach v. Dahler, 4 Idaho 654, 43 P. 322; Cupples v. Zupan, 35 Idaho 458, 207 P. 328; Livestock Credit Corp. v. Corbett, 53 Idaho 190, 22 P.2d 874; Lawrence v. Farmers' Mut. Ins. Co. of Enumclaw, Wash., 174 Wash. 588, 25 P.2d 1029; Coats v. General Motors Corporation, 3 Cal.App. 2d 340, 39 P.2d 838; Hill v. Capitol State Bank, 178 Okl. 610, 63 P.2d 957; Schlessman v. Brainard, 104 Colo. 514, 92 P.2d 749; Kiskadden v. Hawkins, 155 Kan. 616, 127 P.2d 423; Cooley v. National Life & Accident Ins. Co., 172 Kan. 10, 238 P.2d 526; Baker v. Berreman, 61 Cal.App.2d 235, 142 P.2d 448; Kauffman v. De Mutiis, 31 Cal.2d 429, 189 P.2d 271; Noble v. Tweedy, 90 Cal.App.2d 738, 203 P.2d 778; Standley v. Feather River Pine Mills, 112 Cal.App.2d 101, 245 P.2d 657; 66 C.J.S., New Trial, § 182.

Appellant next contends that the decision of the court, granting defendant's motions for nonsuit, is against the law. This ground is distinguishable from the insufficiency of the evidence to justify the verdict or other decision. In the latter the applicant for a new trial "must specify the particulars in which the evidence is alleged to be insufficient". § R–10–604 I.C.

▆▆▆ A motion for a nonsuit presents a question of law, as to whether the evidence, viewed in the light most favorable to the plaintiff, with all the reasonable inferences properly deducible therefrom, presents a prima facie case entitling the plaintiff to have the issues submitted to the jury. Tucker v. Hypotheek Mining, etc., Co., 31 Idaho 466, 173 P. 749; Carscallen v. Lakeside Highway Dist., 44 Idaho 724, 260 P. 162; Willis v. Western Hosp. Ass'n, 67 Idaho 435, 182 P.2d 950; Nissula v. Southern Idaho Timber Protective Ass'n, 73 Ida-

ho 37, 245 P.2d 400; Land Development Corp. v. Cannaday, 74 Idaho 233, 258 P.2d 976; In re Lunders' Estate, 74 Idaho 448, 263 P.2d 1002. If the evidence establishes a prima facie case and the motion is nevertheless granted, the decision is against the law.

In Tucker v. Hypotheek Mining, etc., Co., supra, and in Carscallen v. Lakeside Highway Dist., supra, the court in effect said that where a motion for a nonsuit is granted and a judgment of dismissal is entered thereon, the court has no power to entertain or grant a motion for a new trial. This holding is expressly overruled. We have carefully reviewed the cases cited in the Tucker case and find they either do not support this conclusion, or have been modified by subsequent decisions in the jurisdictions concerned. People ex rel. Lincoln County v. George, 3 Idaho, Hasb., 108, 27 P. 680, was concerned with a motion for a new trial first made in the supreme court. Caldwell v. Wells, 16 Idaho 459, 101 P. 812, discusses the distinction between a "verdict" or "decision" and a "judgment", and holds that whether a judgment is against the law would not necessarily involve a reexamination of the issues of fact. On page 465 of 16 Idaho, on page 814 of 101 P. the court said:

"Whether the judgment is correct cannot be determined upon a motion for a new trial; whether the decision of the court, as contradistinguished from the judgment, was correct, could have been determined upon motion for a new trial, had such matter been specified as a reason for granting such new trial."

In Wagner v. Atchison, T. & S. F. Ry. Co., 73 Kan. 283, 85 P. 299, the nonsuit was granted upon the complaint and opening statement of plaintiff's counsel, and before any evidence was introduced. Thus, the decision granting the nonsuit did not involve a consideration of the sufficiency of the evidence. From later Kansas cases it appears in that jurisdiction a decision on a demurrer to the evidence may not be reviewed on motion for a new trial, but a verdict directed by the court may be so reviewed. Darling v. Atchison, T. & S. F. Ry. Co., 76 Kan. 893, 93 P. 612, 94 P. 202; Blomberg v. State Bank of Ogden, 119 Kan. 691, 241 P. 242; Jett-Wood Central Mercantile Co. v. Pringle, 128 Kan. 159, 277 P. 37. In this state that would be a distinction without a difference. White v. Village of Soda Springs, 46 Idaho 153, 266 P. 795; Miller v. Gooding Highway Dist., 55 Idaho 258, 41 P.2d 625; Finlayson v. Waller, 64 Idaho 618, 134 P.2d 1069; Hill v. Bice, 65 Idaho 167, 139 P.2d 1010.

In Chivers v. Board of Commissioners, 62 Okl. 2, 161 P. 822, L.R.A.1917B, 1296; the issue of the constitutionality of a statute was presented after final judgment. On that issue there had been no verdict or decision of the trial court. The court held there having been no trial of the issue, there could be no new trial of it. In Cowart v.

Parker-Washington Co., 40 Okl. 56, 136 P. 153, the court merely holds that a motion for a new trial is unnecessary to present for review of the action of the trial court in sustaining an objection to evidence. The rule in that state has been modified somewhat. In re Baptist General Convention of Oklahoma, 201 Okl. 215, 203 P.2d 885.

In California the rule announced in the decisions, cited in the Tucker case, has been modified or held not applicable in subsequent cases. Thus, in Carton Corp. v. Superior Court, 76 Cal.App. 434, 244 P. 932, the ruling of the court, granting a nonsuit after the plaintiff's evidence was in, was held reviewable on motion for new trial, and in Allen v. California Mut. Building & Loan Ass'n, 40 Cal.App.2d 374, 104 P.2d 851, it was held that an order granting a nonsuit, whether on the pleadings or at the close of the evidence, may be reviewed on motion for new trial. This case was reversed on other grounds in Cal.App., 129 P.2d 703, and modified by the supreme court in 22 Cal.2d 474, 139 P.2d 321.

■ Generally, the trial court in considering a motion for nonsuit may not weigh the evidence, resolve conflicts therein, or pass upon the credibility of witnesses, such being of the jury's function. But, when the court has determined that there is no substantial competent evidence to support a verdict for the plaintiff, and has granted a nonsuit, the plaintiff has had his day in court. The issues presented by his evidence have been tried, and a "decision"

has been rendered thereon, equivalent to a "verdict" within the meaning of R–10–602 (6) I.C. If that decision is in error a reexamination of the issues of fact upon a new trial is in order. R–10–601 I.C. The decision may also be treated as error in law occurring at the trial. Carton Corp. v. Superior Court, 76 Cal.App. 434, 244 P. 932; Steele v. Werner, 28 Cal.App.2d 554, 83 P.2d 56; Castillo v. Warren, 44 Cal.App. 2d 903, 113 P.2d 232.

We have carefully reviewed the evidence admitted on behalf of the plaintiff, and find it ample to present a prima facie case. It is not deemed advisable to review the evidence in detail or comment upon its weight or effect at this time. Nor do we consider it advisable to determine this appeal separately as to each defendant. The question as to whether they are jointly or severally liable, and, if severally, whether the proof is sufficient as to each, should await the event of a new trial.

■ On the ground of error in law occurring at the trial, the appellant presents the ruling of the court refusing to admit in evidence plaintiff's exhibit No. 1. This action is for wrongful death alleged to have been occasioned through the negligence of the defendants in the performance of an operation involving the extraction of two teeth, and particularly in the administration of the anesthetic. The anesthetic used was sodium pentathol. It appears that this drug is prepared and distributed only by Abbott & Co., a well known pharmaceutial manu-

facturer; that enclosed with each package of the drug is an instruction sheet giving directions for its use. Exhibit No. 1 was identified as such instruction sheet. The court's ruling was not based upon want or sufficiency of the identification. Objection made at the time the exhibit was last offered at the close of plaintiff's case, challenged its competency. The exhibit should have been admitted. That it was prepared by the manufacturer of the product was not questioned. The author was a third party in nowise interested in the outcome of the litigation. It is a recognized pharmaceutical concern. It bears the same liability for damages to users of this product that manufacturers generally bear for negligence, in the preparation of a product offered to the public, or in failure to warn against danger involved in the use of the product. True, it is not conclusive evidence of standard or accepted practice in the use of the drug by physicians and surgeons, nor that a departure from such directions is negligent. But it is prima facie proof of a proper method of use, given by the maker, which must be presumed qualified to give directions for its use and warnings of any danger inherent therein. § 9–402 I.C.; Evans v. Bannock County, 59 Idaho 442, 83 P.2d 427; Johnson v. Cousins, 110 Colo. 540, 135 P.2d 1021; In re Nielsen's Estate, 118 Mont. 304, 165 P.2d 792; Reed v. Church, 175 Va. 284, 8 S.E.2d 285; 105 A.L.R. Annotation 1502; 111 A.L.R. Annotation 1239; 142 A.L.R. Annotation 1490; 32 C.J.S., Evidence, § 717.

The order appealed from is reversed and the cause is remanded for a new trial.

Costs to appellant.

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.